IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MICKEY ADKINSON,
    Plaintiff,

vs.                                    Case No. 3:11cv390/LC/CJK

SANTA ROSA COUNTY JAIL, et al.,
    Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 7). The Court has reviewed the complaint and concludes that this case should be dismissed for lack of subject matter jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida Department of Corrections confined at Northwest Florida Reception Center. (Docs. 1, 7). Plaintiff was confined at the Santa Rosa County Jail ("Jail") at the time of the events giving rise to this lawsuit. Plaintiff's amended complaint names two defendants: Dr. Emsten, a doctor at the Jail, and "Aramark Workers in the Kitchen" of the Jail. (Doc. 7, pp. 1, 2). Plaintiff alleges that in 2010 while serving a six-month sentence in the Jail, plaintiff was given a physical examination and determined to be "good in healthy." (Doc. 7, p. 5). Plaintiff was assigned to work in the kitchen, where he was required to clean drains

with chemicals provided by an Aramark employee. Plaintiff developed a cough and was seen by Dr. Emsten. Dr. Emsten treated plaintiff for allergies and, after plaintiff's cough worsened, removed plaintiff from his kitchen assignment. Plaintiff was released from the Jail on February 28, 2011. Plaintiff visited an emergency room, received x-rays and was advised by one Dr. Abendand to see "a specialist." Plaintiff was arrested before he was able to see a specialist. Plaintiff returned to the jail and informed Dr. Emsten of the x-rays and Dr. Abendand's advice. (*Id*., p. 6). Dr. Emsten ordered x-rays and, after reviewing them, advised plaintiff "there is some [sic] there we would deal with it the best we could." (*Id*.). Plaintiff complains that Dr. Emsten kept treating plaintiff for allergies even though plaintiff's condition worsened. Dr. Emsten ordered more x-rays and reported to plaintiff: "they look fine." (*Id*.). Plaintiff believes this was a lie, because when plaintiff asked a nurse about his "other x-rays," she reported that she saw only one x-ray. (*Id*.). After plaintiff was transferred to the Florida Department of Corrections, he received more x-rays, then radiation and chemotherapy. Plaintiff's doctor at the Northwest Florida Reception Center told plaintiff "it," (presumably cancer), was "in a weird spot." (*Id*.). Plaintiff believes his condition was caused by exposure to hazardous chemicals at the Jail. Plaintiff seeks to impose liability against the unnamed Aramark employees because they "should know what chemicals to mix together." (*Id*., p. 7). Plaintiff seeks to impose liability against Dr. Emsten, because he "did not take blood, lied about x-rays, should have had me examend [sic] a lot better." (*Id*.). As relief, plaintiff "pray[s] no one else suffers the way I am." (*Id*.).

## DISCUSSION

Article III of the Constitution limits the federal courts to deciding "cases" and "controversies." U.S. Const. art. III, § 1. The case-or-controversy requirement means

that "the federal courts cannot exercise jurisdiction over cases where the parties lack standing, or where the issue in controversy has become moot." *Fla. Wildlife Fed'n, Inc. v. South Fla. Water Mgmt. Dist.*, 647 F.3d 1296, 1302 (11th Cir. 2011). The plaintiff "bears the burden of showing that he has standing for each type of relief sought." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493, 129 S. Ct. 1142, 1149, 173 L. Ed. 2d 1 (2009). A plaintiff seeking injunctive relief must show:

> that he is under threat of suffering "injury in fact" that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.

*Id*. (*citing Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-181, 120 S. Ct. 693, 704, 145 L. Ed. 2d 610 (2000)); *Stewart v. McGinnis*, 5 F.3d 1031, 1037 (7th Cir. 1993) (holding that a plaintiff seeking to obtain prospective injunctive relief must establish that he has a "personal stake" in the outcome of the proceedings by showing a "real and immediate" threat of future injury). Evidence of past wrongs alone is insufficient to merit equitable relief. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S. Ct. 1660, 1665, 75 L. Ed. 2d 675 (1983); *Dudley v. Stewart*, 724 F.2d 1493, 1494 (11th Cir. 1984) ("Past exposure to illegal conduct does not in itself show a pending case or controversy regarding injunctive relief if unaccompanied by any continuing, present injury or real and immediate threat of repeated injury."), *abrogated on other grounds, Sandin v. Conner*, 515 U.S. 472, 484, 115 S. Ct. 2293, 2300, 132 L. Ed. 2d 418 (1995). "If at any point in the litigation the plaintiff ceases to meet all three requirements for constitutional standing, the case no longer presents a live case or controversy, and the federal court must dismiss the case for lack of subject matter jurisdiction." *Fla.*

*Wildlife Fed'n.*, 647 F.3d at 1302 (citations omitted); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

In this case, plaintiff seeks only prospective injunctive relief with respect to the Jail's use of chemicals in the kitchen and provision of medical care.  Plaintiff is no longer incarcerated at the Jail, nor is there any indication that he will be returned to the Jail any time in the future.  Even if plaintiff's allegations raised the possibility of plaintiff returning, the Florida Department of Corrections' website establishes that plaintiff is deceased.  *See* www.dc.state.fl.us.  As there is no live controversy between plaintiff and the defendants, this suit for injunctive relief must be dismissed.  *See, e.g., Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."); *Dudley*, 724 F.2d at 1494 (11th Cir. 1984) (holding that inmate's claim for equitable relief against county jailers failed to present a case or controversy where inmate had been transferred from county jail to state prison); *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (prisoner lacked standing to obtain injunctive relief aimed at improving prison conditions because he had been transferred).

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED for lack of subject matter jurisdiction.
2. That the Clerk be directed to close the file.

At Pensacola, Florida this 14th day of May, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *Se*e 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).